# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

LEONARD C. GALLION, )
                                    )
         Plaintiff, )
                                    )
         v. )           No. 1:18-CV-0073 ACL
                                    )
BRITTON FERRELL, et al., )
                                    )
         Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff has not responded to the motion to dismiss. For the following reasons, the Court will grant defendants' motion.

### Background

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants Briton Ferrell and Zachary Matney alleging that he was unlawfully arrested and falsely imprisoned in violation of the Fourth Amendment. Plaintiff, a resident of Charleston, Missouri, alleges that he was driving his vehicle in Mississippi County, Missouri, on February 27, 2018, when he was stopped by Mississippi County Sheriff's Deputies Britton Ferrell and Zachary Matney.

Plaintiff asserts that he was told that he was speeding, but he believes he was only traveling at a rate of 57 miles per hour. At the time he was stopped, plaintiff asserts that he produced his insurance card and license. He claims that after checking his license, he was asked to exit the vehicle by defendant Ferrell, and he was taken behind the vehicle by defendant Matney and pat searched by defendant Ferrell. Plaintiff states that he was asked if he had any weapons or drugs in his car. Plaintiff claims that he told defendants that he had previously been a Deputy Sheriff for Mississippi County and that defendants did not have probable cause to arrest

him or search his car. Plaintiff purports that despite his assertions, defendant Ferrell searched plaintiff and removed his pocket knife from his pocket. Plaintiff states that defendant Ferrell then went to the passenger side of the vehicle and spoke to his female passenger and asked why she was riding with plaintiff. After speaking with the female passenger, plaintiff claims that defendant Ferrell then took the passenger's purse and searched it. According to plaintiff, he was then told he was under arrest for the sale of a controlled substance. Plaintiff told defendant Ferrell he would be filing a lawsuit. Plaintiff asserts that he was released from jail the next day at which time he was given a speeding ticket. Plaintiff alleges that he requested a copy of the arrest report, and after one week, he was told that he didn't have to go to Court on the speeding ticket. Plaintiff states that the arrest report, filled out by defendant Ferrell, contained false information. Plaintiff states that he did not give defendant Ferrell permission to search the vehicle and he did not have cocaine on his pocket knife.

Plaintiff filed the instant lawsuit on March 28, 2018 against defendants Ferrell and Matney. On April 10, 2018, defendants filed a motion to dismiss. Defendants argue that plaintiff's complaint must be dismissed because the complaint is silent as to the capacity under which he is suing defendants. Thus, defendants assert that plaintiff is suing them in their official capacity only, and he has failed to allege that either of the defendants took action against plaintiff pursuant to an official custom or policy.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

## Discussion

Plaintiff did not specify whether he is suing defendants Britton Ferrell and Zachary Matney in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.

*Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). However, even if Mississippi County is substituted as the proper party defendant, plaintiff has still failed to state a claim for county liability.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability may attach if the constitutional violation is the result of (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to establish deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff has not named Mississippi County as a defendant in this action, nor has plaintiff made any specific allegations regarding a policy or custom violation or a failure to train theory. Read broadly, plaintiff's complaint merely seems to imply that these defendants were purportedly liable to plaintiff because they allegedly acted individually outside the scope of their job duties. However, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. *See also A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, as noted above, a plaintiff suing a local governing body must demonstrate an unconstitutional official policy, unofficial custom, or failure to train or supervise. *See Marsh v. Phelps Cty.*, No. 17-1260, 2018 WL 3863923, at *4 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff alleges no facts pertaining to an official policy, an unofficial custom, or a failure to train. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Therefore, the Court must dismiss this action at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#7] is **GRANTED.**

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of September, 2018.

_____
ABBIE CRITES-LEONI
UNITED STATES  MAGISTRATE JUDGE